## IN RE PETITION OF J. S. HEIDLER.

CERTIORARI TO THE COURT OF QUARTER SESSIONS OF
ALLEGHENY COUNTY.

Argued October 22, 1888—Decided November 5, 1888.

1. The act of April 17, 1876, P. L. 38, authorizing the Court of Quarter
Sessions to annex the land, or parts thereof, of persons resident in one
township or borough to another township or borough, for school pur-
poses, and to proceed in the manner and under the restrictions of the
act of April 15, 1834, P. L. 539, does not authorize the annexation of
lands in one township to the school district of another when such lands
do not adjoin the latter.

2. A petition under said act of 1876 which does not set forth that the
land, proposed to be annexed for school purposes, adjoins the township
to which the court is asked to annex it, is fatally defective and should
not be entertained.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, WILL-
IAMS and HAND, JJ.; CLARK, J., absent.

No. 18 October Term 1888, Sup. Ct.; court below, No. 15
March Term 1887, Misc. D.

On March 19, 1887, J. S. Heidler presented a petition to the
Court of Quarter Sessions, representing:

" That he is a resident of Robinson township, in said county,
and is attached for school purposes to the Hughey school dis-
trict in said Robinson township; that within the past year a
school-house has been erected in Stowe township, convenient
to your petitioner; that in order to reach said school in Rob-
inson township, your petitioner's children have to travel one
mile and a half over a rough road, but little traveled, and in
the winter time unbroken and often impassable for children.
In order to reach said school, they also have to cross Moon
Run, by a narrow foot log, and when the stream is swollen it
is very dangerous for children. By reason of the geographi-
cal location of your petitioner's land, it is much more conve-
nient for him to reach the new school lately erected in Stowe
township, as aforesaid, and which is known as Sipe school dis-
trict, the distance thereto being much less than to the sai'

Hughey school in Robinson township, and the public road leading thereto being good and not crossing any streams.

"Your petitioner, therefore, prays your honors that his land may be attached to Sipe school district, in Stowe township, for school purposes only, as provided by the act of assembly approved April 17, 1876, and he will ever pray."

Upon this petition, the court appointed three persons as viewers to inquire into the propriety of granting the prayer thereof, and to make report of their proceedings to the next term.

On June 6, 1887, the report of the viewers was filed, setting forth that they had viewed the premises and the roads and distances to Hughey school-house in Robinson township, and to Sipe school-house in Stowe township, and found the statements set forth in said petition to be true and correct, and that the viewers were of the opinion that it was "imminently proper" the prayer of the petitioner should be granted and his land attached to Stowe township for school purposes only. A plot or draft was attached showing the location of the petitioner's land and the roads leading to the Hughey and Sipe school-houses, respectively.

To this report the board of school directors of the district of Stowe township filed exceptions and on October 1, 1887, moved the court to quash the proceedings for the reason, inter alia, that the land of the petitioner which he prayed might be annexed to said school district of Stowe township, did not adjoin said township, as shown by the draft filed.[1]

On October 10, 1887, the court filed a decree:

"That the report of the viewers be confirmed absolutely and that the land of said J. S. Heidler, situated in Robinson township and described in their proceedings, be annexed to Stowe township for school purposes, and that said Heidler shall pay his school taxes to said township of Stowe and be and remain connected with Robinson township for all other purposes; and further, that said Heidler pay the costs of this proceeding."[2]

The exceptants then took this writ and specified that the court erred, inter alia:

1. In not sustaining said exceptions.[1]
2. In entering said order of confirmation.[2]

Arguments.

*Mr. N. W. Shafer,* for the plaintiff in error :

The act of April 17, 1876, P. L. 38, authorizes the Quarter Sessions to annex the land or parts thereof, of persons resident in one township or borough to another township or borough, so that when so annexed the petitioner shall pay his school taxes and be included within the school to which it is annexed, for educational purposes, the court to "proceed by views and reviews in the manner and under the restrictions provided under the act of April 15, 1834 [P. L. 539], with its supplements, in regard to the alteration of the lines of any two or more adjoining townships." The act of 1834, referred to, authorizes the proper court "to alter the lines of any two or more adjoining townships so as to suit the convenience of the inhabitants thereof, and to cause the lines or boundaries to be ascertained and established," which language makes it plain that in altering the line of any township, it is to be so changed as to take in only territory that is adjacent thereto. It is clear that the petitioner's land does not adjoin Stowe township. Moreover, the report was defective in that it did not contain an explicit opinion as to the expediency or propriety of granting the prayer of the petitioner : Limestone Tp., 11 Pa. 271 ; Sewickley Tp. Sch. D., 33 Pa. 297.

*Mr. Joseph C. Young* (with him *Mr. Frank Thompson*), for the defendant in error :

It was not intended by the act of 1876 to extend the provisions of the act of 1834, and the supplements thereof, relative to the "altering of two or more township lines" further than to adopt the proceedings by view and review; and, to construe this statute properly, we must not attempt to make it fit into the act of 1834, and its supplements, in a manner that the legislature never contemplated. The purpose of the act was to meet the wants of people unfortunately situated in relation to school privileges ; to invest the courts with power to adjust the rights of isolated taxpayers, such as the petitioner and many more among the sparsely populated hills and valleys of our state, and to promote the education of the children of the poor, who depend on public schools, by an act that must necessarily leave large discretion to the judge construing it, so as to fit a great variety of cases. The legislature does not

place the unnecessary limitation of physical adjunction; they do not use the word, annex, in any such a forced sense; and the word, adjoining, if used in any of the statutes referred to in relation to townships, should not be imported into the act of 1876, where it does not appear, as it would place a limitation to the power of the court which was never intended.

OPINION, MR. JUSTICE STERRETT:

The act of April 17, 1876, under which this proceeding was commenced, authorizes the Court of Quarter Sessions to "annex the land, or parts thereof, of persons resident in one township or borough to another township or borough, for school purposes, so that when so annexed the applicant shall pay his school taxes and be included within the school district to which it is so annexed for educational purposes, and remain connected with the district or township of his residence for all other purposes; and the court shall, upon the petition of any one desiring such change, proceed by views and reviews, in the manner and under the restrictions provided under the act of the general assembly, approved April 15, 1834, with its supplements, in regard to the alteration of the lines of any two or more adjoining townships." The last mentioned act, among other things, requires the viewers to make a plot or draft " of the lines proposed to be altered of two or more adjoining townships," and return the same with their report to court, etc.

The petition in this case is silent as to whether the farm proposed to be annexed to Stowe township school district adjoins that district or not; but it clearly appears from the plot or draft attached to and forming part of the report of viewers, that it does not. The effect of the decree, therefore, would be to make that school district consist of two detached bodies of land, entirely separated from each other by an intervening portion of Robinson township school district. Such a result was never contemplated by the act; nor, indeed, can it be accomplished without ignoring, in part at least, the mode of proceeding prescribed by the act. The object of the petitioner was not to so change the boundary line of the school district as to include his farm, and thus make a single district composed of a compact body of adjoining lands. That would be susceptible of accomplishment in case his farm adjoined the

Opinion of the Court.

district to which he sought to have it attached, but not otherwise.

Petitions under the act should set forth that the land proposed to be annexed adjoins the district to which the court is asked to annex it. In that respect the petition in this case is fatally defective, and should not have been entertained.

> Decree reversed, and petition dismissed at the costs of the petitioner.